IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| DARCY JO ANDERSON, )<br> )<br> ) Bankruptcy No. 03-31005<br> Debtor. )<br> )<br>Darcy Jo Anderson, )<br> ) Adversary No. 09-07034<br> Plaintiff, )<br> )<br> -v- )<br> )<br>Faye Engkjer and Wane Engkjer, ) **MEMORANDUM AND ORDER**<br> )<br>d/b/a American Steel Span, )<br> )<br> Defendants. )<br> ) | |

 This is an adversary proceeding brought by the Debtor Darcy Jo Anderson to determine whether a Cass County Judgment in favor of Defendant Faye Engkjer, in the sum of $11,790 should be discharged under the bankruptcy code. (Docket 1). Faye Engkjer answered the Complaint. (Docket 4). Defendant Wane Engkjer was served but has not appeared in this action. (Docket 3, 12). The legal status of Defendant American Steel Span is unclear to the court but the court docket indicates service on American Steel Span. (Docket 3). American Steel Span has not appeared.

 The matter was set for trial before this court on March 5, 2010. (Docket 7). At the request of the parties, the matter was submitted on the basis of stipulated facts instead of trial. (Docket 12). Thereafter the parties submitted briefs and copies of the relevant state court

1

documents. (Docket 13,14,15). The court takes judicial notice of the state court documents and has heard no objection regarding those documents. The court has not considered the attorney to attorney letter dated January 30, 2009 at the request of the parties.

All facts are taken from the Stipulation, admitted in the Complaint and Answer or are judicially noticed from the state court judgments and appendix. (Docket 12, 1, 4, 14, 15) Plaintiff Darcy Jo Anderson (Anderson or Debtor) was convicted of "Theft of Property", a class B felony, and sentenced on January 28, 1998. (Docket 12, 14). It is a class B felony under North Dakota law because the amount taken exceeded $10,000. N.D.C.C. § 12.1-23-05(1). Anderson was ordered to pay restitution in the sum of $18,000 to Defendants Faye and Wane Enkjer. She thereafter filed a Chapter 7 Bankruptcy in this district listing Wane Engkjer and American Steel Span as Schedule F Creditors Holding Unsecured Nonpriority claims in the amount of $16,455.00. Faye Engkjer was not named as a creditor. On September 19, 2003 Anderson was granted her discharge in bankruptcy. Bankruptcy Petition # 03-31005 (D.N.D. 2003). Wane Engkjer, Faye Engkjer and American Steel Span, did not appear in the bankruptcy. Anderson's case was reopened by order of the bankruptcy court. #03-31005 (Docket 8).

By Order of the Cass County District Court Anderson's probation was revoked and the revocation order provided that the remaining restitution balance be reduced to a civil Judgment pursuant to N.D.C.C. § 12.1-32-08(1). (Docket 12). The remaining amount of restitution was thereafter reduced to a civil Judgment in favor of Faye Engkjer in the amount of $11,790.00 and dated August 11, 2009. (Docket 12).

Anderson now seeks a determination by this court that her liability for civil restitution under the civil judgment is dischargable pursuant to 11 U.S.C. § 52(c)(1) and 11 U.S.C. § 527.

2

Defendant Faye Engkjer asserts that the debt arises from Anderson's embezzlement from the Defendants and is derived from a state court restitution order in the criminal case and is thus not dischargeable under 11 U.S.C. 523(1)(B)(iii).

## SUMMARY OF THE HOLDING

Plaintiff Darcy Jo Anderson seeks a declaration that the civil judgment entered in North Dakota State District Court in favor of Faye Engkjer is dischargeable by virtue of her bankruptcy filing. The restitution judgment was entered because Anderson was convicted of "Theft of property" from Engkjer. An obligation arising from a theft of property is not dishargeable under the Bankruptcy Code. The "Theft of property" also gave rise to a restitution order in the North Dakota State Court. Restitution orders in criminal matters are not dischargeable. Therefore Anderson's prayer for relief is denied.

## ANALYSIS

Exceptions to discharge under the bankruptcy code are narrowly construed. In re Belfry, 862 F.2d 661,662 (8th Cir. 1988). The burden of proving that a debt falls within a statutory exception to discharge is on the party opposing the discharge. Id. Dischargeability exceptions are narrowly construed "to effectuate the fresh start policy of the Bankruptcy Code." In re Glatt, 315 B.R. 501,508 (Bankr. D.N.D. June 21, 2004). A creditor seeking to avoid the discharge must prove the debt falls within an exception to the code by a preponderance of the evidence. Id. at 509. Bankruptcy allows honest but unfortunate debtors a chance to get their financial affairs in order and make a fresh start. In re Detrano, 326 F.3d 319, 322 (2d Cir. 2003). Congress has accomplished this goal by providing for a discharge of certain legitimate debts and non discharge of debts arising from fraudulent conduct. Id. A bankrupt seeks relief as a matter of equity. In re

3

Donovan Wire & Iron Co., 822 F. 2d 38, 39 (8th Cir. 1987). A party seeking equity must have done equity. Smith v. World Ins. Co., 38 F.3d 1456, 1462 (8th Cir. 1994).

"The bankruptcy code provides that a discharge does not free an individual debtor from any debt 'for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.' 11 U.S.C. § 523(a)(4)." In re Belfry, 862 F.2d at 662. Debtor Anderson was convicted of "Theft of Property, a Class B Felony occurring on or about July, 1997 through October 14, 1997". (Docket 12, 14). North Dakota has a single statutory theft offense that encompasses larceny and embezzlement under its previous statutory and common law criminal law. N.D.C.C. § 12.1-23-01. The applicable statutory section Anderson was convicted under is subdivision (1) of N.D.C.C § 12.1-23-02. Three elements must be proven in order to establish theft of property under that subdivision. Erickson v. Roehrich, 169 B.R. 941, 944 (Bankr. D.N.D. June 20, 1994). To convict, the state must prove that the defendant (1) knowingly (2) took or exercised control over or made an unauthorized transfer of an interest in the property of another, (3) with the intent to deprive the owner thereof. Under Section 523(a)(4) of the Bankruptcy Code, embezzlement or larceny is a question of federal law. In re Mercer, 169 B.R. 694, 697 (Bankr. W.D. Wash. June 6, 1994), Erickson, 169 B.R. at 943. Embezzlement under Section 523(a)(4) is the fraudulent appropriation of property of another by one to whom such property was entrusted. In re Belfry, 862 F.2d at 662. Engkjer states in her trial brief (Docket 4) that Anderson embezzled the funds while employed by the Engkjers. The court notes that according to the terms of the Criminal Judgment (Docket 14) the theft took place over a period of two or so months. It thus seems possible or even probable that the Judgement arises out of embezzlement arising from Anderson's employment by the Engkjers. This matter, however, was tried on stipulated facts and

4

the record is simply insufficient to reach the conclusion that Anderson conviction for Theft under North Dakota law is sufficient to prove embezzlement under the federal law set out in Section 523(a)(4). There is no stipulated fact that Anderson was "entrusted" with the property of the Engkjers. Nor is "entrustment of property" an element of N.D.C.C. § 12.-23-01(1). Therefore Anderson's conviction for theft of property does not prove embezzlement and does not prevent her discharge.

Section 523(a)(4) also bars a discharge if the Defendant incurs the debt for larceny. Larcey under Section 523(a)(4) means common law larceny. In re Lavita, 150 B.R. 3, 7 (Bankr D. Mass. Jan. 15, 1993). The elements of common law larceny are the trespassory taking and carrying away of the personal property of another with intent to steal it. United States v. Peterson, 394 F.3d 98, 106 (2d Cir. 2005). Under the applicable portion of the North Dakota statute the state proves "Theft of property" if the defendant:

> Knowingly takes or exercises unauthorized control over,
> or makes an unauthorized transfer of an interest in, the
> property of another with intent to deprive the owner thereof;

N.D.C.C. § 12.1-23-02(1). The elements of common law larceny are identical with the elements of the "Theft of Property" found in N.D.C.C. § 12.1-23-02(1). Anderson's debt arising from her theft conviction is not dischargeable because she was convicted of "Theft of property".

Even if the court were to conclude that the elements of the offence of Theft of property were not congruent with common law larceny, Anderson cannot obtain a discharge because the Judgment arises out of a state criminal court restitution order. The parties agree that Anderson's criminal conviction contains a restitution order requiring Anderson to pay $18,000.00 to the Engkjers. Were this order the only issue, the court believes that the result is controlled by Kelly

v. Robinson, 479 U.S. 36 (1986). In Kelly the state court, as part of defendant's criminal sentence, ordered the person seeking a bankruptcy discharge to repay welfare benefits she had wrongfully received. When the probation officer asserted that the restitution order had survived the bankruptcy filing the debtor sought a declaration from the bankruptcy court that the debt was dischargeable under Section 523(a)(7). Id. at 40. Section 523(a)(7) sets out three criteria that a creditor must establish to prevail and prevent the discharge. In re Thompson 418 F3d 362, 365 (3d Cir. 2005). The debt must be (1) a fine, penalty or forfeiture, (2) payable to and for the benefit of a governmental unit and (3) not compensation for actual pecuniary loss. Id. So long as the restitution order furthers the state's important interests in rehabilitation and punishment rather than satisfying the victim's desire for compensation, the restitution is not dischargeable. United States v. Vetter, 895 F.2d 456,459 (8th Cir 1990). The rule applies even if the restitution order requires the state to forward all payments to the victim. In re Troff, 488 F.3d 1237, 1240 (10th Cir. 2007). In re Thompson, 418 F.3d 362, 367 (3d Cir 2005); In re Verola, 446 F3d 1206, 1209 (All state imposed criminal restitution orders are nondischargeable); In re Knodle, 187 B.R. 660, 662 (Bnkr. D.N.D. 1995)(Court ordered restitution nondischargeable under Section 523(a)(7)).

Anderson argues that the civil Judgment entered in this case is pecuniary and thus does not fall within the rule in Kelly, particularly because it was a civil judgment obtained ten years after the theft conviction and because it is primarily an effort to collect a debt. (Docket 11). There is not much authority for this proposition. Anderson relies on In re Towers, 162 F.3d 952 (7th Cir. 1998). Towers is a Seventh Circuit case that attempted to distinguish the United States Supreme Court opinion in Kelly. 479 U.S. at 54. In Towers the court reasoned that a

complaining victim should litigate the issue in bankruptcy and not rely on Section 523(a)(7) to avoid trial on the merits in the bankruptcy court case after the fact. The court noted that the restitution order imposed on the chapter seven debtor was directed in favor of the victims and not for the benefit of any governmental unit. Id. at 955. Thus reasoned the court, Kelly was distinguishable. Towers, at 955. This conclusion is questionable in this circuit particularly considering In re Vetter. 895 F.2d at 456. The Vetter court noted that in this circuit "Kelly applies equally to restitution orders entered as part of a criminal sentence by federal and state courts." Id. at 459. This bright line rule is supported by the courts in other circuits. "Kelly makes all state imposed criminal restitutions non-dischargeable." In re Verola, 446 F.3d 1206, 1209 (11th Cir. 2006)(emphasis added). Congress has extended the rule in Kelly, to federal restitution orders (previously done in this circuit in Vetter) indicating approval and reluctance to upset state sentencing expectations. In re Troff, 488 F.3d 1237, 1247 (11th Cir. 2007).

The bankruptcy court in this district has followed a broad reading of Kelly. In re Knodle 187 B.R. 660, 663 (Bankr. D.N.D. July 14, 1995). In that case the court prohibited the debtor from collaterally attacking a restitution obligation from a state district court that had been entered two weeks prior to his bankruptcy filing. Id.

Anderson contends that the fact that the civil judgment was entered after the restitution order in the criminal case changes the result. The court could find only a single case addressing that exact issue. In re Warfel, 268 B.R. 205, 207 (9th Cir. B.A.P. 2001). Following Kelly, that court held the bankruptcy court lacked the jurisdiction to review the propriety of a final state court judgment upon which the civil restitution judgment was based and the debtors obligation fell within the discharge exception of Section 523(a)(7). Id. at 213. This is supported by In re

<u>Richardson</u> 221 B.R. 956, 962 (D.Wyo. 1998)(promissory note evidencing restitutionary obligation did not transform debtors obligation from nondischageable to a dischargeable contract obligation).

The parties agree that civil judgment in this case was entered pursuant to N.D.C.C. 12.1-32-08 (1). That section relates specifically to restitution in criminal case and allows the entry of a civil judgment while providing that payments made in restitution reduce the amount of damages in a separate civil action. This section is part of the state criminal code. This court is not inclined, for reasons of federalism in particular, to interfere with state criminal judgments and restitution orders, particularly for the benefit of someone convicted of felony theft of property. Therefore Anderson's request to have her restitution obligation declared discharged is in all things **DENIED. LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 17 day of May, 2010.

Ralph R. Erickson, Chief Judge
United States District Court